## PAINTER v. BRAINARD-CEDAR REALTY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

(Middleton. P. J., and Mauck, J., of the 4th Dist., sitting.)

Tolles, Hogsett, & Ginn, Cleveland, for Painter.

Frank T. Cullitan, Cleveland, for Realty Co.

MAUCK, J.

### REAL ESTATE.

(510 L2) Written contract for sale of a parcel of land, "situated in Orange township, Cuyahoga county, Ohio, at the southeast corner of Cedar road and Brainard road," held sufficiently to describe the realty, where vendor owned but one parcel of land at place indicated and only one piece of realty anywhere.

(510 L2) Both parties to land contract must be bound, or neither is bound.

(510 C3) Purchaser is entitled to notice of the acceptance of his offer to purchase realty before he becomes bound thereby.

(510 C3) No particular form of notice of acceptance of offer to purchase realty is required by law, but form of acceptance is determined by the offer.

(510 M4p) Plaintiff's written offer to purchase realty owned by defendant corporation was sufficiently accepted by defendant within statute of frauds, when acceptance was signed by proper officers of defendant and oral notice thereof communicated to plaintiff in absence of requirement in offer that acceptance be written.

### CORPORATIONS.

(160 Oa) When six of corporation's seven directors authorized sale of corporate realty at meeting which was not held pursuant to corporation's regulations or by-laws, sale thereunder was not invalid as to purchaser having no knowledge of the irregularity; rule being that illegality or irregularity in directors' meeting cannot be set up to defeat rights of innocent third persons dealing with corporations.

(160 Oa) 8710-8712 GC., prohibiting sale of all corporate assets, unless three-fourths of directors and stockholders authorize it, enacted for purpose of regulating transactions resulting in absorption of one corporation by another, does not apply to sale of real estate by corporation organized to buy, sell and deal in realty, notwithstanding property sold was only realty owned by it.

(Middleton, P. J., concurs.)

HISTORY:—Action by Painter vs. Realty Co. to enforce specific performance of contract for sale of real estate. Heard on appeal. Decree for plaintiff. No action in Supreme Court prior to date of this publication.

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## CLEVELAND (City) v. GENERAL STORAGE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Alfred Clum, Cleveland, for City of Cleveland.

White, Cannon & Spieth, Cleveland, for Storage Co.

SULLIVAN, PJ.

### MUNICIPAL CORPORATIONS.

(360 P4i) A municipal ordinance attempting to change the grade of an existing street or highway must conform to the provisions of the General Code relating thereto, and notice thereof must be given to abutting property owners.

(360 O) An ordinance which in legal effect merely provides for the elmination of an existing grade, and does not make provision for a change of grade, insuring that the property owner will have ingress or egress restored to him, does not comply with the provisions of the General Code.

(Levine and Vickery, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.